IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, ) | C/A No. 0:14-4496-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Corporal Bell-McKensie; Associate Warden ) | |
| Willie Davis; Sgt. Robert Plemmons; Sgt. ) | |
| Epps; Angela Smith, Administrative Assistant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Anthony L. Mann ("Plaintiff"), a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lee Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.      Factual and Procedural Background

The Complaint alleges that, despite daily requests, Plaintiff was denied hygiene supplies, sheets, a change of clothing, a blanket, or any of his personal property between August 30, 2013 and September 25, 2013 while confined in the "supermax" section of Lee Correctional Institution. (ECF No. 1 at 3-5.) Plaintiff asserts that he was cold, became filthy, and could not cleanse his hands, which he used to eat due to a lack of eating utensils. (Id. at 3.) Plaintiff's cell allegedly had soot on the walls, which covered his skin and irritated his lungs. (Id. at 4.) Plaintiff alleges that all of the defendants had knowledge that Plaintiff lacked hygiene supplies, but failed to remedy the situation.

(Id. at 4-5.)  Plaintiff further states that the defendants are aware that Plaintiff is a mental health patient.  (Id. at 5-6.)  Plaintiff seeks monetary damages and an "injunctive order" directing that "the inhumane conditions of 'Supermax' cell #30 be immediately repaired."  (Id. at 7.)

II.   Discussion

    A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.     Deliberate Indifference—Conditions of Confinement

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and . . . the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived them of a basic human need, inmates must show that officials failed to provide them with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, [or failed to] take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). With regard to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). A plaintiff asserting unconstitutional conditions of confinement must also demonstrate that he suffered a serious or significant physical or mental injury as a result



of the challenged condition. See Strickler, 989 F.2d at 1380-81; see also 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

In the present Complaint, Plaintiff alleges uncomfortable prison conditions over an approximately twenty-five day period. However, Plaintiff fails to demonstrate that the defendants disregarded any substantial risk of harm to Plaintiff's health or safety, or denied any basic human need such as food, clothing, shelter, or medical care. See Farmer, 511 U.S. at 832, 837. Instead Plaintiff complains of the denial of hygiene supplies and a "change of clothing or underclothes." (ECF No. 1 at 3.) The short term denial of clean clothing and hygiene supplies does not rise to the level of an Eighth Amendment violation. See Beverati v. Smith, 120 F.3d 500, 504-05 n.5 (4th Cir. 1997) (finding that six-month deprivation of clean clothing, linen, or bedding did not violate the Eighth Amendment's prohibition against cruel and unusual punishment absent a showing of harm); DeLoach v. South Carolina Dep't of Corr., C/A No. 4:08-3113-HMH-TER, 2009 WL 1651452, at *3-4 (D.S.C. June 11, 2009) (order adopting and incorporating report and recommendation holding that denial of new jumpsuit and hygiene packet for thirty-day period did not constitute denial of a "basic need"), aff'd, 355 F. App'x 681 (4th Cir. 2009). Further, to the extent Plaintiff complains of shivering due to cold cell temperatures, the Complaint indicates that he was provided both a mattress and jumpsuit. (ECF No. 1 at 3-4.) See Williams v. Ozmint, C/A No. 3:08-4139-GRA, 2010 WL 3814287, at *7 (D.S.C. Sept. 23, 2010) ("[M]ere exposure to cold air, when the inmate has the protection of clothes or blankets, is not sufficient to satisfy the objective component of the Eighth Amendment inquiry.").

Moreover, while Plaintiff alleges "excessive coughing and sinus problems" resulting from soot on the cell walls (ECF No. 1 at 4), he provides no facts to demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged conditions.  See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (stating that only an "extreme deprivation," which is a "serious or significant physical or emotional injury resulting from the challenged conditions," or substantial risk of serious harm therefrom, will satisfy the objective component of an Eighth Amendment conditions of confinement claim) (internal quotation marks and citations omitted); see also Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (holding that a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention") (internal quotation marks and citation omitted); Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that sinus problems were not "sufficiently serious to be constitutionally actionable"); Lankford v. Cannon, C/A No. 0:08-2200-HMH-PJG, 2009 WL 1361891, at *3 (D.S.C. May 12, 2009) (adopting and incorporating report and recommendation finding that allegation of "coughing up mucus" did not constitute a serious or significant injury).  Accordingly, Plaintiff fails to state a cognizable claim of deliberate indifference based on his conditions of confinement.  As such, the defendants are entitled to summary dismissal for this claim.

### 2.    Deprivation of Property

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available.



Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy).

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Thus, to the extent the Complaint alleges that the defendants violated the Due Process Clause by depriving Plaintiff of his personal property, such a claim is also subject to summary dismissal.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 30, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).