IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 0:14-cv-04496-RMG |
| | ) |
| v. | ) |
| | ) **ORDER** |
| Corporal Bell-McKensie; Associate | ) |
| Warden Willie Davis; Sgt Robert | ) |
| Plemmons; Sgt Epps; and Angela Smith, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 9) recommending that this Court dismiss the Complaint without prejudice and without service of process. The Court adopts the R&R in part for the reasons stated herein, dismisses the deprivation of property claim with prejudice, and authorizes process on the conditions of confinement Eighth Amendment claim.

## Background

Plaintiff filed suit on November 24, 2014, pro se and in forma pauperis, alleging that commencing August 30, 2013, he was held in cell #30 of the "Supermax" section of the Lee Correctional Institution's Special Management Unit ("SMU"). (Dkt. No. 1). He brings two claims. In the first, a Section 1983 Eighth Amendment claim, he alleges that during his twenty-five days in cell #30 he was given one jumpsuit and one bare mattress and had no hygienic materials to cleanse himself with, no changes of clothing or underclothes, no sheets or blankets, and no other "basic necessities." He alleges that he was unable to wash his hands after using the toilet, and had to eat meals with his hands as he was not allowed eating utensils. He also alleges that his cell was covered in soot because it had not been cleaned after a prior inmate set a fire in

the cell, and that he experienced excessive coughing and sinus problems during his time there, as well as inhumanely cold temperatures at night. Finally, he alleges that despite writing requests to staff members daily requesting his personal effects, and receiving assurances that he would receive them, he only began receiving his belongings and legal mail on September 25, 2013. In Plaintiff's second claim, he argues that his personal effects were withheld from him during his time in cell # 30 in violation of the Due Process Clause of the Fourteenth Amendment.

The case was assigned to a Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, and on January 30, the Magistrate Judge issued an R&R recommending that the Court summarily dismiss the Complaint without prejudice and without service of process. (Dkt. No. 9). Plaintiff filed objections to the R&R received by the Court on February 19, 2015 (Dkt. No. 12).

## Analysis

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a

2

finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Conditions of Confinement

"The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *De' lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003). To show a serious deprivation of a basic human need, a plaintiff must prove that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. To withstand summary judgment on a challenge to prison conditions, Plaintiff must produce evidence of a serious or

3

significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such injury. *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir.1993).

In addition to his own complaints about his time in SMU, Plaintiff attached to his objections to the R&R four affidavit from other inmates attesting specifically that they had been held in "Supermax" cell #30, the same cell where Plaintiff was held days. (Dkt. No. 12-3). The affidavits consistently state that the room was infested with insects, that the floor was covered with spilled and spoiled food, that the walls and shower were covered with mold and fungus, and that the toilet was filled with "black looking mold and fungus." (*Id.*) They also attested that the walls were covered in dust and black soot after a prior inmate set a fire in the cell, and two inmates (in addition to Plaintiff) described respiratory issues, coughing, and sneezing from the mold and soot, and one inmate stated that he had to "keep a wet rag over [his] nose to breathe." (Dkt. No. 12-3 at 4). Two inmates further attested that they asked for things to clean the room with and were ignored; one attested that when tried to clean himself, the cell's drain backed up and flooded the cell.

With respect to the requirement that the plaintiff show "a serious or significant physical or emotional injury resulting from the challenged conditions," or a substantial risk of serious harm therefrom, the Complaint alleges serious issues with coughing and sinus problems which are corroborated by the other prisoners' affidavits, and Plaintiff states in his objections that he "was placed at the serious risk of infection and/or disease in his filthy, unsanitary conditions and environment, i.e. Hepatitis A, B, and C; staph infection; pneumonia; hand, foot and mouth disease (which Plaintiff later caught in the cell next door to the one being referenced in this mater, and it was an extremely painful condition); mold, fungus, lung disease . . ."

4

Shorter exposures to some of the conditions complained of by Plaintiff in cell # 30 have been determined by the Fourth Circuit and the Supreme Court to be, as a matter of law, compliant with the Eighth Amendment's bar on cruel and unusual punishment. For example, *Davenport v. DeRobertis,* 844 F.2d 1310, 1316–17 (7th Cir. Cir.), *cert. denied,* 488 U.S. 908 (1988) held that restricting inmates in segregated confinement to one shower per week did not violate their constitutional rights. *See also, Hinojos v. Byars,* No. CA 2:13-1900-JFA-WWD, 2014 WL 3687400, at *5 (D.S.C. July 23, 2014) (granting summary judgment to defendants where Plaintiff's prison conditions included a sink with water in his cell and access to showers, "albeit not as often as desired.")

The Fourth Circuit explained in 2012 that the appropriate test is whether conditions of confinement "objectively deprived him of minimal civilized necessities such as adequate food, clothing, shelter, medical care, or physical safety." *Williams v. Branker,* 462 F. App'x 348, 353 (4th Cir. 2012). This analysis is "informed by our recognition that '[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement.'" *Id.,* citing *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir. 1997). In *Williams,* the plaintiff alleged that isolation and behavioral restrictions aggravated his mental illness. The Fourth Circuit granted summary judgment to the defendants, explaining that the plaintiff's isolation were an "unfortunate but inevitable result" of his incarceration, since his placement in confinement was necessary to the safety of the other inmates. The Court also relied on precedent granting summary judgment where plaintiffs were "confined to their cells for twenty-three hours per day without radio or television, . . . they receive[d] only five hours of exercise per week, and . . . [could] not participate in prison work, school, or study programs." *Id.* at 354, citing *In re Long Term Admin. Segregration of Inmates Designated as Five Percenters,*

5

174 F.3d 464 (4th Cir. 1999). *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (granting summary judgment to defendants where "those assigned to administrative segregation did not receive clean clothing, linen, or bedding as often as required by the regulations governing administrative segregation; []they were permitted to leave their cells three to four times per week, rather than seven, and [] no outside recreation was permitted.")

At the other end of the spectrum, this Court has denied summary judgment for defendants on claims where similar but more serious and more extended mistreatment was alleged by a plaintiff:

> Defendants argue that "Plaintiff has failed to allege facts that meet the standard of deliberate indifference in order to sustain a claim for an Eighth Amendment violation against Defendants." ECF No. 120 at 11. Plaintiff contends that he was denied a mattress for over six months and was, therefore, forced to sleep on the concrete floor or the steel bedframe. ECF No. 1 at 17. Plaintiff argues that this denial of a mattress caused him back, side, leg, and arm pains. *Id.* Plaintiff also contends that he was denied a cup and spoon for ten days, the opportunity to bathe, and the use of a toothbrush, toothpaste, soap, towel, washcloth, and deodorant for three months. *Id.* Plaintiff also alleges that he was denied sheets and a blanket for six months, and clothing for over three months, which resulted in him being taunted by other inmates. *Id.* Plaintiff states he was denied a shower for three months after he was sprayed with mace while completely naked, and that the mace would "reactivate from time to time causing continuous burning. . . . Plaintiff has offered his own affidavit, together with affidavits from fellow inmates, that Defendants were aware that Plaintiff did not have clothing, did not have a mattress or a security blanket, and was not given hygiene products or permitted to bathe, and Defendants took no actions to correct these conditions."
> *Id.*

*Abebe v. Carter*, No. 5:11-CV-2750-RMG, 2014 WL 130448, at *11 (D.S.C. Jan. 14, 2014).

6

The Court finds that it would be premature at this stage in the proceedings to find, *sua sponte*, that Plaintiff's claim is frivolous or "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31; 28 U.S.C. § 1915(e)(2)(B). The Court has seen no medical records or testimony from Defendants that would indicate whether the injury or risk of injury claimed by Plaintiff are substantiated or not, and no information on the conditions of the SMU cell has been entered into the record aside from the Complaint's allegations. It therefore declines to adopt the R&R as to the conditions of confinement claim.

### C. Deprivation of Property

As the R&R states, a deprivation of property by a governmental employee does not violate the Due Process Clause of a meaningful post-deprivation remedy is available. In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing Parratt v. Taylor, 451 U.S. 527 (1981)). *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Phelps v. Anderson & Langford*, 700 F.2d 147 (4th Cir. 1983); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy). Plaintiff has made no objection to the R&R's finding on this claim and the Court therefore adopts the R&R as to the deprivation of property issue.

7

## Conclusion

For the reasons discussed herein, the Court ADOPTS the R&R in part, DISMISSES the deprivation of property claim with prejudice, and authorizes service of process against the defendants as to the conditions of confinement claim.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March _17_, 2015
Charleston, South Carolina